## OSCAR HOLMBERG v. M. B. MURPHY AND ANOTHER.[1]

April 30, 1926.

No. 25,351.

**New trial granted as to amount of damages for death by wrongful act.**

In an action by a special administrator to recover damages for the exclusive benefit of the surviving spouse and next of kin for death by wrongful act, *held*:

(1) That it was error to exclude proof that, shortly prior to the accident complained of, decedent was convicted of driving an automobile while intoxicated, sentenced to the workhouse for the term of 90 days, that he was put on probation, and that the probation was thereafter set aside and a commitment issued.

(2) That the proffered evidence should have been received as bearing upon the amount of pecuniary damage sustained by the surviving spouse and her minor children.

(3) That there should be a new trial as to the amount of damages only.

Appeal and Error, 4 C. J. p. 1195 n. 90.
Death, 17 C. J. p. 1357 n. 78.

See note in L. R. A. 1916E, 139; 8 R. C. L. 822; 2 R. C. L. Supp. 659; 4 R. C. L. Supp. 574.

Action in the district court for Hennepin county to recover for the wrongful death of plaintiff's intestate. The case was tried before Waite, J., and a jury which returned a verdict in favor of plaintiff. Defendants appealed from an order denying their motion for a new trial. Reversed and remanded.

*Converse & Converse,* for appellants.

*Erling Swenson,* for respondent.

QUINN, J.

Action to recover damages for the wrongful death, on July 5, 1924, of plaintiff's intestate, resulting from an automobile accident

[1]Reported in 208 N. W. 808.

which occurred in May, 1924, upon one of the public streets of the city of Minneapolis. There was a verdict of $7,500 in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed.

William E. Sherman and Neva Sherman were married in April, 1920, and resided thereafter in the city of Minneapolis. There were two children, aged four and three at the time of the trial. Decedent was a painter by trade. He was addicted to the use of intoxicating liquor. In August, 1923, his wife lodged a complaint against him and caused his arrest and prosecution in the municipal court of Minneapolis on the ground of nonsupport. He was sentenced to the workhouse. The sentence was suspended. He returned to his home and lived with plaintiff until the latter part of November, when he again left her and did not return. On May 25, 1924, while adjusting the curtains to his automobile, he was struck by the defendants' car, severely injured, taken to a hospital where he remained until his death on July 5, 1924. The circumstances of the collision were such as to make a question for the jury as to the defendants' negligence and as to whether the deceased was guilty of contributory negligence.

This action was brought by the personal representative of the decedent to recover damages for the exclusive benefit of the surviving spouse and the two minor children. We find no merit in the claim that the court erred in its instruction to the jury relative to the colloquy between Mrs. Sherman and some person claiming to represent some insurance company. As we view the trial court's rulings upon the admissibility of evidence bearing upon the question of damages, we refrain from any comment on the amount of the verdict.

Upon the trial, defendants offered to prove that, shortly after decedent was arrested for nonsupport, he was again arrested, charged with driving an automobile while intoxicated, to which charge he pleaded guilty and was thereupon sentenced to 90 days in the workhouse; that the execution of the sentence was stayed but subsequently vacated and a commitment issued. Upon objection, the

proof was excluded. This was error for which a new trial as to the amount of damages should be had. The proffered evidence should have been received as bearing directly upon the amount of the pecuniary loss sustained by the surviving spouse and her minor children. It is therefore ordered that a new trial be had upon the question of damages as above indicated.

Reversed and remanded.